# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 18-1210V
(Unpublished)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| CHRISTINA CHRISTOPHER, | Special Master Katherine E. Oler |
| Petitioner, | |
| v. | Filed: April 27, 2020 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Petitioner's Motion for a Decision; Dismissal of Petition; Vaccine Act. |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Amy Senerth*, Muller Brazil, LLP, Dresher, PA, for Petitioner.
*Debra Begley*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION DISMISSING PETITION[1]

### I. Procedural History

On August 14, 2018, Christina Christopher ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program,[2] alleging that she suffered left arm and shoulder injuries as a result of an influenza ("flu") vaccine administered on September 28, 2015. Pet. at 1. Petitioner filed three statements of completion on August 30, 2018, November 26, 2018, and June 19, 2019. ECF Nos. 7, 14, 21.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

On September 25, 2019, I held a status conference with the parties to discuss Petitioner's claim. *See* Minute Entry on 9/26/19. Petitioner's counsel confirmed that Petitioner was not pursuing a shoulder injury related to vaccine administration ("SIRVA") claim but that the flu vaccination caused nerve pain in her left arm and elbow. *See* Order on 9/26/19, ECF No. 27. The parties agreed that a factual determination regarding the onset of Petitioner's pain would be the next logical step in this case. *Id.* On November 25, 2019, Petitioner filed a Motion for a Fact Ruling on the Issue of Onset. ECF No. 29. On December 23, 2019, Respondent filed a Response to Petitioner's Motion. ECF No. 30. On April 8, 2020, I found that (1) Petitioner was administered a flu vaccine in her left arm on October 15, 2015; (2) Petitioner experienced pain in her left elbow and left arm; and (3) the onset of Petitioner's painful symptoms occurred between September 15, 2015 and September 21, 2015.

Petitioner filed the instant motion to dismiss her claim on April 27, 2020, indicating "she will be unable to prove that she is entitled to compensation in the Vaccine Program." Pet'r's Mot. at 1, ECF No. 34.

## II.   Conclusion

To receive compensation in the Vaccine Program, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to her vaccination, or (2) that she suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert. § 13(a)(1). In this case, however, there is insufficient evidence in the record for Petitioner to meet her burden of proof. Petitioner's claim therefore cannot succeed and, in accordance with her motion, must be dismissed. § 11(c)(1)(A).

As such, **IT IS ORDERED THAT**,

Petitioner's Motion for A Decision Dismissing Her Petition is **GRANTED** and the petition is hereby **DISMISSED.  The Clerk shall enter judgment accordingly.**

Any questions regarding this Order may be directed to my law clerk, Sydney Lee, by telephone at 202-357-6347, or by email at Sydney_Lee@cfc.uscourts.gov.

<u>**s/ Katherine E. Oler**</u>
Katherine E. Oler
Special Master

2